# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-102 |
| | ) | |
| OKEMI MON LAWTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Okemi Mon Lawton is indicted on one count of possession with intent to distribute a controlled substance (cocaine and marijuana), in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and one count of possession of a firearm by prohibited person, in violation of 18 U.S.C. § 922(g)(1). Doc. 1 (Indictment). On August 1, 2019, the Court determined that no detention hearing was necessary, as Lawton was detained without bond on charges pending in another court. Doc. 19. Defendant has now filed a motion for bond. Doc. 71.

Lawton's present motion does not suggest that his detention status on the state charges has changed. Doc. 71. Instead it focuses on the risks inherent in incarceration during the present COVID-19 pandemic. *See id.*

The only specific issue raised is that the pandemic creates "individual health and safety concerns for persons housed in the [sic] jail." *Id.* at 1. The Government points out, in opposition, that the considerations governing release or detention, under the Bail Reform Act, remain unchanged.[1] *See* doc. 73. The Court agrees with the Government.

The Court does not wish to minimize the seriousness of the pandemic. The risks of exposure and infection are present, to a greater or lesser degree, everywhere. The circumstances of incarceration may place incarcerated persons at the higher end of that continuum. As the Government points out, though, jails are not completely powerless to mitigate the risk and are taking steps to do so. *See* doc. 73 at 3–4. The risks—whatever they may be—are not dispositive, however.

The Bail Reform Act includes factors that courts must consider in determining whether the Government has made the necessary showing to justify detention. *See* 18 U.S.C. § 3142(g). The Act's factor analysis would

---

[1] The Government also points out, apparently correctly, that defendant's "lack of bond on [his] state charges" leaves the issue of a bond from this Court moot. Doc. 73 at 4. Assuming that the status of defendant's state charges are as the Government represents, that mootness would be an equally valid ground to deny defendant's present motion. Since defendant's invocation of the risks of COVID-19 are equally unavailing, the Court will address the merits—such as they are—of the motion.

2

not typically capture potential risks incurred because of incarceration; "[t]he risk of harm *to the defendant* does not usually bear on this analysis." *United States v. Clark*, ___ F. Supp. 3d ___, 2020 WL 1446895, at * 3 (D. Kan. March 25, 2020); *see also United States v. Taylor*, ___ F. Supp. 3d ___, 2020 WL 1501997, at * 4 (E.D. Ky. Mar. 26, 2020) (rejecting argument for release due to risk of COVID-19 exposure, because "the [Bail Reform Act] and its factors do not provide for any such consideration."). A *specific* risk might be considered under the rubric of a defendant's "physical and mental condition," but, as explained below, generalized concern is irrelevant. *See United States v. Dodd*, 2020 WL 1547419, at * 3 (D. Minn. April 1, 2020) (rejecting argument under § 3142(g)(3)(A) because "[d]efendant has not offered evidence of a personal health condition that would make him particularly susceptible to COVID-19 or to serious complications associated with the virus."); *see also Taylor*, 2020 WL 1501997, at * 4 (suggesting that a particular defendant's "poor health" or membership "in the class of individuals the Centers for Disease Control or World Health Organization has suggested are at higher risk" might be relevant under § 3142(g)(3)(A)). Courts have also recognized that such individual risks, where they exist, are better analyzed in considerations

3

for possible "temporary release," under § 3142(i). *See Clark*, 2020 WL 1446895, at * 3 ("[W]hether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic ought to more properly [be] considered on a case-by-case basis under the 'another compelling reason' prong of § 3142(i) . . . ."). Regardless, Lawton has pointed to *no* individual circumstances that exacerbate his risk of infection or complication.

Ultimately, Lawton's motion relies exclusively on his contention that he faces an increased risk based on circumstances inherent to incarceration. Such generalized arguments have not been accepted as grounds for pretrial release. *See Clark*, 2020 WL 1446895, at * 5–6 (lack of opportunity to observe social distancing guidelines while detained is "too speculative or generalized to favor release."); *see also, e.g., United States v. Lee*, 2020 WL 1540207, at * 3 (E.D. Mich. Mar. 30, 2020) ("[T]he COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial," but "the pandemic's impact on a particular prisoner in a particular facility, could perhaps tip the balance in favor of pretrial release."); *United States v. Bastianelli*, 2020 WL 1493559, at * 1 (W.D. Pa. Mar. 27, 2020) ("While the Court is sympathetic to Defendant's

general concern about the COVID-19 virus, speculation about possible future conditions does not constitute a 'compelling reason' for temporary release," and collecting cases). If the Court were to accept such a generalized assertion of the risk of COVID-19 exposure as alone sufficient to warrant release, every detainee would be entitled to release. *See United States v. Munguia*, 2020 WL 1471741, at * 4 (N.D. Tex. Mar. 26, 2020) (noting that the argument for release based on risk of COVID-19 exposure "applies equally to anyone in custody or, for that matter, . . . anywhere else in [the] community or any other," so if accepted "the Court would then be obligated to release every detainee."). A generalized risk standing alone, therefore, cannot suffice to warrant release of a defendant previously detained under § 3142.

Accordingly, Lawton's motion for reconsideration of his pretrial detention is **DENIED**. Doc. 71.

**SO ORDERED,** this 27th day of April, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA